1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NATALIE BALTODANO,

              Plaintiff,

   v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

              Defendant.

Case No. SACV 21-0593 JWH (PVC)

**JUDGMENT OF REMAND**

The Court having approved the parties' Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment ("Stipulation to Remand"), lodged concurrently with the lodging of the within Judgment of Remand, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the above-captioned action is

1    remanded to the Commissioner of Social Security for further proceedings consistent with

2    the Stipulation to Remand.[1]

3

4    DATED:  March 2, 2022

5

6                                                    _____

7                                                    PEDRO V. CASTILLO
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    [1] In *Bastidas v. Chappell*, 791 F.3d 1155 (9th Cir. 2015), the Ninth Circuit held that the
      magistrate judge had the authority to grant Petitioner's request to dismiss two unexhausted
26    claims in his habeas petition without the approval of a district judge, as the magistrate
      judge's order was simply "doing what [the] habeas petitioner has asked." *Id*. at 1165.
27    While *Bastidas* is not entirely on point, the stipulation for remand and entry of judgment
      here is jointly made by the parties, without any compulsion from the magistrate judge.
28    Because there appears to be no danger of undue prejudice to any party, the Court grants
      the request.

2